STATE of Minnesota, Respondent,

v.

George SOINE, Appellant.

No. CO–83–1681.

Court of Appeals of Minnesota.

May 29, 1984.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Michael Q. Lynch, Kandiyohi County Atty., Willmar, for respondent.

C. Paul Jones, State Public Defender, Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Defendant was convicted of two counts of second degree assault, in violation of Minn.Stat. § 609.222, following a jury trial. The district court denied the defendant's motion for new trial or for judgment of acquittal, and he appeals. The only ground asserted on this appeal is the sufficiency of the evidence. We affirm.

## FACTS

On the evening of May 23, 1983, defendant attended a grand opening celebration at a bar owned by Patricia Janssen, an acquaintance of his and the employer of the woman defendant dated. During the evening, defendant fought outside the bar with Randy and Dean Wold who were also at the grand opening. At one point during the fight, Dean Wold broke a beer bottle over a railing and threatened defendant, who was being held by several other people. After this challenge, Wold's brothers took him back into the bar.

Shortly after the fight was broken up, someone told Janssen that defendant was outside with a knife trying to get back into the bar to find Wold. Janssen went to the doorway and blocked it with her body. Defendant, who was being held back by some people, broke away and came up the steps to the doorway, holding a 3½ inch buck knife in his right hand. He grabbed Janssen with his left hand and pointed the knife at her, shaking it about six or seven inches from her face and chest. Defendant told Janssen to get Wold from inside the bar so he could "finish him."

While Janssen was blocking the doorway, Lee Wendlendt, an eighteen year old who was at the bar with his father, came to the door to help her. He was just behind Janssen, three to three and a half feet from defendant. Wendlendt told the defendant to leave Janssen alone. Defendant pointed at him and told him to shut up or "I'll use it on you." Wendlendt knew defendant had a knife and could see it. Wendlendt testified that he was frightened and didn't know what defendant would do.

Wendlendt and Janssen were able to slam the door shut and lock it to keep defendant out of the bar, and Janssen called the sheriff. Shortly thereafter, Janssen learned that someone had opened the door to let defendant in. Janssen again blocked the doorway, telling defendant she had just called the sheriff. Defendant then stated that he would not try to get in the bar, and asked Janssen to get him a drink. She brought him the drink and, when the

sheriff's deputies arrived, took the cup from him.

Defendant was charged with one count of second-degree assault against Janssen and one count of second-degree assault against Wendlendt. After a two-day trial, the jury returned a verdict of guilty as charged on both counts.

### ISSUE

Was the evidence presented at trial sufficient to support defendant's convictions for second-degree assault?

### ANALYSIS

"In reviewing a claim of sufficiency of the evidence [a reviewing court] must determine whether, under the facts in the record and any legitimate inferences that can be drawn from them, a jury could reasonably conclude that the defendant was guilty of the offense charged... The evidence must be viewed in the light most favorable to the prosecution and it is necessary to assume that the jury believed the state's witnesses and disbelieved any contrary evidence."

(Citations omitted.) *State v. Ulvinen*, 313 N.W.2d 425 (Minn.1981).

Minn.Stat. § 609.222 provides that "Whoever assaults another with a dangerous weapon but without inflicting great bodily harm..." is guilty of second-degree assault. The definition of assault includes "an act with intent to cause fear in another of immediate bodily harm." Minn.Stat. § 609.224 (1982). Defendant argues there was insufficient evidence that his actions were done with any intent to frighten either Janssen or Wendlendt.

In order to prove defendant's guilt, the State had to show that defendant had such intent. The effect of the defendant's actions on the victim is not determinative. It is sufficient if the State introduces evidence from which it can be inferred that the accused had the requisite intent, and whether such intent existed is a question for the jury. *State v. Ott*, 291 Minn. 72,

189 N.W.2d 377, 379 (1971); *State v. Abeyta*, 328 N.W.2d 443 (Minn.1983).

A review of the facts shows the defendant would have had a defense of self-defense at the point when Dean Wold broke a beer bottle and threatened him with it. However, the defense is not available to him on the two counts of assault with which he was charged, since there is no claim that either Janssen or Wendlendt were in any way involved in the prior assault on the defendant by Wold and his friends. In addition, the record establishes that Wold and his friends had withdrawn from the fight to go back inside the bar, leaving the defendant alone outside. Any right of self-defense the defendant might have had ended when the aggressors withdrew, leaving defendant the opportunity to retreat in safety. Minn.Stat. § 609.06(3); *See, e.g. State v. Austin*, 332 N.W.2d 21 (Minn.1983); *State v. Columbus*, 258 N.W.2d 122 (Minn.1977). Self-defense did not justify the defendant's actions in threatening two innocent bystanders in an effort to seek out and even the score with his antagonists.

*Count I.*

The evidence, when viewed in the light most favorable to the verdict, showed that the defendant told Janssen to get Wold from the bar while waving a knife inches from Janssen's face and gripping her arm tightly enough to cause bruises. While it was clear defendant's quarrel was with Wold and not Janssen herself, the jury could reasonably have believed that the defendant intended to frighten or intimidate Janssen into either letting him into the bar or sending Wold out. Neither is Janssen's testimony that she was not frightened determinative of defendant's intent. Defendant's purpose in waving a knife in front of Janssen was to force her to get out of his way. It was not unreasonable for the jury to infer, using their discretion, that Soine's *intent* was to cause Janssen fear of immediate bodily harm if she did not comply with his request to let him into her bar.

*Count II.*

The evidence upon which the defendant was convicted of assaulting Wendlendt is weaker than that upon which he was convicted of assaulting Janssen. However, the jury could reasonably draw the inference that he intended to cause fear of immediate bodily harm in Wendlendt from the fact the defendant still had a knife in his hand when he told Wendlendt to shut up, or "I'll use it on you." The defendant was trying to get Wendlendt out of the way so he could get in the bar; his intent was to cause Wendlendt to move. He could have merely requested him to move, but accompanying the "request" with the phrase "I'll use it on you," while holding a knife is more effective—effective because it tends to cause fear of immediate bodily harm in the person addressed. Wendlendt, at three to three and a half feet from the defendant, was still within striking distance. The jury's determination that defendant's actions towards Wendlendt were intended to cause fear of immediate bodily harm so that Wendlendt would allow him into the bar was reasonable.

## DECISION

The evidence was sufficient to support the jury's verdict finding defendant guilty of both counts of second-degree assault.

Affirmed.