STATE of Minnesota, Respondent,

v.

James Earl LEE, Appellant.

No. CX–86–21.

Court of Appeals of Minnesota.

July 29, 1986.

Review Denied Sept. 22, 1986.

47

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Anne E. Peek, Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

James Earl Lee was convicted of first-degree burglary and second-degree assault of Larry Payne in violation of Minn.Stat. §§ 609.582, subd. 1(c), and 609.222 (1984). He contends the evidence is insufficient to support the convictions, the prosecutor's closing argument denied him a fair trial, and the trial court abused its discretion by

imposing presumptive sentences. We disagree and affirm.

## FACTS

On the afternoon of June 21, 1985, James Lee appeared at the window of Rhonda Schaaf's first-floor Minneapolis apartment. Lee, Schaaf's former boyfriend, explained to Larry Payne through the open window that he wanted to talk to Schaaf. He also said, "I want to break her neck." Schaaf quickly began to close the windows to stop Lee from entering. Before she reached the window in the back bedroom where her 3½-year-old daughter was sleeping, she heard a screen crash as Lee forced his way into the apartment. Payne went to the bedroom to protect the child. Schaaf ran out the front door but Lee caught her, grabbed her by the hair, and pulled her back into the apartment. He hit Schaaf in the face "four or five times" with his closed hand. When Payne returned to the living room, Lee pulled a knife out of his knapsack, held the knife to Payne's neck, and forced him out of the apartment.

Payne called the police from a nearby store and met them in front of the apartment building. When the police knocked on the door, Lee told Schaaf not to let them enter and ran into a bedroom with the knapsack. Schaaf opened the door. Her face was bruised, and she was hysterical. Police discovered a broken window screen in the bedroom of Schaaf's apartment and found the knapsack and knife hidden under a mattress.

The jury found Lee guilty of assault and burglary. The trial judge sentenced him to the presumptive concurrent terms of 49 months for burglary and 34 months for second-degree assault.

## ISSUES

1. Is the evidence sufficient to support the convictions?

2. Was appellant unduly prejudiced by the injection of personal opinion in the prosecutor's closing argument?

3. Did the trial court abuse its discretion by imposing a presumptive sentence?

## ANALYSIS

### I

■ Lee claims the evidence is insufficient to support the conviction of first-degree burglary.[1] The evidence, consisting of testimony of five prosecution witnesses, was essentially undisputed.

Schaaf testified that Lee did not have consent or authority to enter her apartment. Payne testified that Lee said he wanted to break Schaaf's neck. Schaaf and Payne each testified that he assaulted them. Their testimony was consistent and corroborated by the police officers' testimony. The knife and knapsack were found hidden under a mattress immediately after Lee's arrest.

■ Lee claims specific evidentiary deficiencies because no one testified that they saw him enter the apartment, Payne did not see or hear him strike Schaaf, and photographs of Schaaf's bedroom do not show the knapsack or knife. The statute does not require that the elements be established by a particular form of evidence. The State presented direct and circumstantial evidence on each element which was sufficient for the jury to conclude that Lee entered Schaaf's apartment with the intent to commit an assault and that he effectuated his intent. *See State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981).

■ Lee also contends there was insufficient evidence for the jury to find him guilty of second-degree assault.[2] Although

---

1. The prosecution charged Lee with first-degree burglary in violation of Minn.Stat. § 609.582, subd. 1(c) (1984):

   Whoever enters a building without consent and with intent to commit a crime commits burglary in the first degree * * * if:

(c) the burglar assaults a person within the building.

2. An assault is an act done with intent to cause fear in another of immediate bodily harm or death. Minn.Stat. § 609.02, subd. 10(1) (1984). When this crime was committed, second-degree

Lee did not testify at trial, he argues in his brief that he did not intend to frighten Payne, only to get him to leave the apartment. The distinction, if any, is negligible. Payne testified that he felt threatened and afraid. The jury is permitted to infer intent from the circumstantial evidence, and the evidence supports a finding of intent to cause fear of harm or death.

Lee also argues that Schaaf's and Payne's versions of the assault were inconsistent and unbelievable because they had an "obvious interest" in the case. The credibility of Schaaf and Payne was a matter within the province of the jury. *See State v. Jones*, 347 N.W.2d 796, 801 (Minn. 1984). In light of the conviction, we accept that the jury believed their testimony. *See Ulvinen*, 313 N.W.2d at 428. We conclude there was sufficient evidence for the jury to find Lee guilty of second-degree assault.

## II

 In his closing argument, the prosecutor injected his personal opinion of the evidence. In arguing that Schaaf's testimony was credible, he stated:

I think that's an indication, ladies and gentlemen, that the person is being honest, that they are doing the best they can to accurately tell you what happened. * * She did it, I think, honestly and accurately.

He later said, "I believe the State has proved its case beyond a reasonable doubt." Lee did not object to these remarks at trial or seek curative instructions.

It is improper for an attorney to assert a personal opinion on the credibility of a witness or the sufficiency of the evidence. However,

a defendant is deemed to have waived his right to raise an issue concerning the prosecutor's closing remarks if the defendant fails to object or seek cautionary instructions. Notwithstanding this general principle, this court can reverse a conviction even when defendant failed to

preserve the issue on appeal, if the prosecution's comments are unduly prejudicial. *State v. Parker*, 353 N.W.2d 122, 127–28 (Minn.1984) (citations omitted).

The evidence of Lee's guilt was strong, and the jury was properly instructed by the court that the closing arguments were not evidence. *See State v. Peterson*, 375 N.W.2d 93, 96 (Minn.Ct.App.1985). Our review of the prosecutor's closing argument leaves us with the firm conviction the comments were not unduly prejudicial.

## III

The trial court did not abuse its discretion by imposing presumptive sentences. Lee made no motion for a downward departure at sentencing, but argues on appeal that this case was a mere domestic dispute and that his conduct was less serious than typically involved in burglary and assault cases because nothing was taken from the apartment and Payne was not injured.

The evidence shows that Lee forced his way into an apartment that he knew was occupied, struck one victim in the face and threatened a second victim with a knife, all in the presence of a young child. The trial court found there were no substantial and compelling reasons to justify a departure. We agree with the trial court that presumptive sentencing was appropriate.

## DECISION

Affirmed.

---

assault involved the use of a dangerous weapon "without inflicting great bodily harm." Minn. Stat. § 609.222 (1984) (amended by 1985 Minn. Laws ch. 53 § 1).