**STATE of Minnesota, Respondent,**

v.

**Michael BLAWAT, Appellant.**

No. C7–86–1451.

Court of Appeals of Minnesota.

Jan. 27, 1987.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Michael Blawat appeals from an order denying his petition for post-conviction relief. He contends there was insufficient evidence for the jury reasonably to conclude he was guilty of second degree assault [1] and the trial court erred in failing to instruct the jury on specific intent. We affirm.

## FACTS

Blawat and an accomplice Bill Plaster, broke into the mini-golf building at Funland in North St. Paul to steal coins from several game machines. They accidently triggered a silent alarm, which summoned North St. Paul Police Officers Scott Blasko and Brent Olson. Blasko entered the building and shot Blawat, wounding him in the right shoulder. Blawat was indicted for first degree burglary, second degree burglary, and second degree assault. Minn. Stat. §§ 609.582, subds. 1(c), 2(d), 609.222 (1984).

---

1. Appellant was also convicted of first degree burglary under Minn.Stat. § 609.582, subd. 1(c) (1984). As an element of that offense, the state had to prove appellant "assault[ed] a person within the building." *Id.*

Blasko testified that he and Olson arrived at the mini-golf building two minutes after the alarm was triggered. Blasko saw that the wire mesh covering a window had been pried off and a south door was open. He opened the screen door and went into the building with his service revolver in his right hand and a flashlight in his left hand. Blasko looked around the door, saw Blawat standing fifteen feet away, turned on his flashlight and yelled "police." Blasko described what happened next:

> I shined my flashlight on him and I hollered "police," observed him lifting up the crowbar in this fashion (witness indicating), and he ran toward me and I hollered "stop, stop," and I tried to back up and I backed up into the counter just as he was coming down in a downward motion with the crowbar. I shot him from approximately two feet away.

After he was shot, Blawat stumbled backwards and fell on his back, dropping the crowbar onto the floor by his right side. Blasko moved the crowbar away from Blawat with his foot, called for an ambulance and talked with Blawat while Olson administered first aid.

Olson watched Blasko enter the building, heard him shout "police" and then heard "a single shot and something metal hit the concrete floor." Olson heard Blasko say something else but could not recall what it was. He said there were two or three second intervals from the time Blasko entered the building until he yelled "police" and from then until the gunshot.

Blawat admitted he committed the burglary, but denied that he intended to assault Blasko. He testified that when he heard noises at the south door, he looked around to see where Plaster was, then crouched down and crept toward the door. He said the crowbar was in his right hand but "down by my side." Blawat saw a bright light in his eyes and then heard a gunshot. When asked if it was possible that Blasko yelled "police" before he shot, Blawat stated: "I'm not saying that he didn't. I never heard it. He could have yelled it." Blawat said he did not realize

the noise he heard was a police officer until after he was on the floor, and that he did not go at Officer Blasko intending to hit him: "I just heard some noise, crept over to the door to know if there was something going on." After he was shot, Blawat lied and told police there was no one else in the building. Plaster was later found hiding under a pinball machine.

The jury found Blawat guilty on all three counts. The trial court sentenced him to imprisonment for concurrent terms of thirty-two months for first degree burglary and twenty-six months for second degree assault. Appellant filed a petition for post-conviction relief, which was denied. The post-conviction court allowed appellant to resubmit his petition but denied the second petition.

## ISSUES

1. Was there sufficient evidence of an assault?

2. Is the trial court's failure to instruct the jury on specific intent where not requested reversible error?

## ANALYSIS

### I.

■ Blawat contends there was insufficient evidence that he intended to assault Blasko. We disagree.

The position of Blawat's body after the shooting and the powder burns around his wound show he was shot at close range and support Blasko's version of what had transpired.

Blawat's testimony directly conflicted with Blasko's version of the incident and standing alone, might support an inference that he did not intend to assault Blasko. However, we must assume the jury believed the testimony of Blasko and Olson and disbelieved the contradictory version offered by appellant. *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978). Blawat was confronted by a police officer during the course of a burglary. Under such circumstances, the jury could have reasonably

inferred that Blawat intended to assault Blasko when he ran at him with a crowbar in his upraised hand. *See State v. Lee,* 391 N.W.2d 46, 48–49 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Sept. 22, 1986); *see also State v. Hardimon,* 310 N.W.2d 564, 566 (Minn.1981).

The post-conviction court found there was sufficient evidence to support the jury's verdict and the record supports that finding. *See Doughman v. State,* 351 N.W.2d 671, 674 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 16, 1984).

## II.

■ Blawat also contends the trial court erred by not instructing the jury on specific intent. The trial court gave a standard instruction, which adequately explained the elements of second degree assault. *See* 10 *Minnesota Practice,* CRIM.JIG, 13.06 (1985). Defense counsel did not request an instruction on specific intent.

We are not persuaded that the trial court's instructions contain any error of fundamental law or controlling principle. Minn.R.Crim.P. 26.03, subd. 18(3). Appellant is therefore precluded from raising this issue on appeal. *State v. Erdman,* 383 N.W.2d 331, 333 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Apr. 24, 1986); *State v. Kutchara,* 350 N.W.2d 924, 927–28 (Minn.1984).

## DECISION

There was sufficient evidence for the jury to reasonably conclude appellant intended to commit an assault and failure to request a jury instruction on specific intent precluded review.

Affirmed.