**STATE of Minnesota, Respondent,**

v.

**Melreese Clarence PATTON, Appellant.**

No. C3–87–78.

Court of Appeals of Minnesota.

Nov. 3, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert F. Carolan, Dakota Co. Atty., Robert R. King, Jr., Asst. Co. Atty., Hastings, for respondent.

Michael McGlennen, McGlennen & Clemons, Minneapolis, for appellant.

Heard, considered, and decided by POPOVICH, C.J., and LESLIE and RANDALL, JJ.

## OPINION

LESLIE, Judge.

This appeal is from a judgment of conviction and sentencing for two counts of second-degree assault, Minn. Stat. § 609.222 (1986). Appellant Melreese Patton was found guilty of both counts by a jury. The trial court sentenced Patton to two 21–month consecutive sentences, each stayed on the condition Patton serve 7½ months in the county jail, for a total of 15 months' probationary jail time. This represented a dispositional departure from the mandatory minimum sentence law. Minn.Stat. § 609.11, subds. 4 and 6 (1986) (requiring commitment for an offense committed with a dangerous weapon.) The state has filed a notice of review challenging the sentencing departure. We affirm.

## FACTS

Appellant Melreese Patton was charged with two counts of second-degree assault following an incident in which he allegedly brandished a knife while protesting the service of an unlawful detainer summons.

Patton was asleep in his apartment with his girlfriend when he was awakened by a knock on the door. Michael Clements, a process server, told Patton he had struck his car in the parking lot. He thereby got Patton to answer the door, served him with the summons and left. Patton read the summons, became angry, and proceeded to the lobby of the apartment complex, where Clements was reporting the service to the apartment caretaker, Richard Burquist.

According to the testimony of Burquist and Clements, Patton first entered the lobby shouting, tore up the papers and departed. Soon after, Patton came down the stairway into the lobby with his girlfriend, brandishing a buck knife, with a blade about six inches long. He waved his arms around and, according to Clements, went into "an attack position." Patton continued yelling, and twice approached Clements with the knife in his hand. He did not swing the knife at Clements or Burquist or attempt to stab them. Both men, however, felt threatened by Patton's brandishing of the knife, and retreated. Patton then returned to his apartment.

The jury found Patton guilty of assault against both Clements and Burquist. The trial court initially imposed consecutive sentences of 21 months and 26 months, but stayed execution of the sentences despite the mandatory minimum statute calling for an executed term of at least a year and a day. Minn.Stat. § 609.11, subd. 4. The court did not articulate any reason for the departure. The court later resentenced Patton to two consecutive 21–month terms, with execution again stayed, but the probationary jail time reduced from 18 months to 15 months, or 7 and ½ months on each count. The court based its sentencing departure on the "totality of the circumstances" and the "basic immaturity" of Patton, who was nineteen years old at the time of the offense. The court stated that Patton had brandished a knife but had not gone beyond that, such as by lunging or slashing at the victims.

## ISSUES

1. Was the evidence sufficient to establish that the knife was used as a dangerous weapon?

2. Did the trial court abuse its discretion in departing from the presumptive executed sentence?

## ANALYSIS

### I.

Second-degree assault is defined as assault with a dangerous weapon. Minn. Stat. § 609.222. "Assault" is defined in part as:

(1) An act done with intent to cause fear in another of immediate bodily harm or death;

Minn.Stat. § 609.02, subd. 10(1) (1986). "Dangerous weapon" is defined as follows:

"Dangerous weapon" means any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or great bodily harm, or any * * * other device or instrumentality that, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm.

Minn.Stat. § 609.02, subd. 6 (1986).

Patton contends a knife is not defined as a dangerous weapon under Minnesota law.

Convictions for second-degree assault have been upheld, however, where the only weapon used or displayed was a knife. *See Scott v. State,* 390 N.W.2d 889, 892 (Minn. Ct.App.1986) (evidence sufficient where jury could have reasonably concluded defendant caused puncture wound with a knife); *State v. Soine,* 348 N.W.2d 824, 827 (Minn.Ct.App.1984) (evidence sufficient where jury could find defendant held knife in his hand when he threatened victim). Possession of a pair of scissors has been held sufficient to support an armed robbery conviction. *State v. Moss,* 269 N.W.2d 732, 735–36 (Minn.1978); *see* Minn.Stat. § 609.245 (1976) (aggravated robbery is robbery committed while armed with a dangerous weapon.)

The statutory definition of a "dangerous weapon" includes not only a "device designed as a weapon," but also a device dangerous "in the manner it is used or intended to be used." Minn.Stat. § 609.02, subd. 6. Therefore, we need not address Patton's contention a buck knife is not designed as a weapon because it is a hunting knife.

Patton brandished the knife in such a manner that the jury could have found it was used as a dangerous weapon "to cause fear in another of immediate bodily harm." Minn.Stat. § 609.02, subd. 10(1); *see State v. Soine,* 348 N.W.2d at 826, 827 (jury could have found defendant wielded a knife with intent to cause fear). It is immaterial that Patton inflicted no bodily harm with the knife, as this is not required to commit an assault. Minn.Stat. § 609.02, subd. 10(1); *see also State v. Moss,* 269 N.W.2d at 736 (intent to use scissors as a weapon "if their use became necessary" was sufficient to sustain conviction for armed robbery). There was testimony from which the jury could have found the knife was displayed within one to two feet of Clements.

### II.

*2. Sentencing departure*

The mandatory minimum sentencing statute establishes a minimum executed

sentence of a year and a day for a first offense of second-degree assault committed by "brandishing, displaying, threatening with, or otherwise employing, a dangerous weapon other than a firearm." Minn.Stat. § 609.11, subd. 4 (1986). The presumptive guidelines sentence for second-degree assault, with Patton's zero criminal history score, is 21 months. *See* Minn. Sentencing Guidelines II.E. (presumptive duration of a mandatory minimum sentence is the longer of the statutory minimum and the guidelines presumptive sentence.)

The trial court imposed a dispositional departure by staying execution of the sentence. The court cited Patton's immaturity, at nineteen years of age, and exhibited a concern that incarceration was not appropriate for him. The court in a dispositional departure may consider not only defendant's amenability to probation, but his unamenability to incarceration. *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982) (staying a presumptively executed sentence).

The court in *Trog* indicated the age of a defendant is relevant, along with other factors, in determining his suitability to probation. 323 N.W.2d at 31. The state contends Patton has not shown the other factors present in *Trog*, remorse, cooperation, and a good attitude in court. *See id.* Patton expressed remorse at the first sentencing hearing, although he was uncooperative at the second hearing. We conclude the trial court did not abuse its discretion in departing from the presumptive execution of sentence, implicitly finding Patton amenable to probation.

### DECISION

The evidence was sufficient to support the conviction. The trial court did not abuse its discretion in departing by staying the presumptively executed sentence.

Affirmed.