**STATE of Minnesota, Respondent,**

v.

**Barbara KASTNER, Appellant.**

No. CX–87–2488.

Court of Appeals of Minnesota.

Sept. 20, 1988.

Review Denied Nov. 16, 1988.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, for respondent.

Bradford W. Colbert, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and NORTON and IRVINE *, JJ., without oral argument.

## OPINION

NORTON, Judge.

Defendant was convicted of second degree assault in violation of Minn.Stat. § 609.222, following a jury trial. The only ground asserted on this appeal is the sufficiency of the evidence. We affirm.

### FACTS

At 3:30 a.m. on January 26, 1987, defendant Barbara Kastner went to the City of Sleepy Eye police station seeking medical help. Officer Ronald Sager took Kastner to the hospital where Kastner became unruly with the nurses. Sager told Kastner to either cooperate with the nurses or else leave the hospital. Kastner left the hospital voluntarily after having her blood pressure taken.

Sager next heard from Kastner at about 5:30 a.m. that same morning. Kastner told Sager in a telephone conversation that she had started a fire and stolen some things. Sager requested that Kastner meet him at the police station. After Kastner arrived, she led Sager to the janitor's room in the building that housed the police station. There Sager saw a fire smoldering in a wastebasket. Sager took the wastebasket

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

outside and extinguished the fire and then went back inside.

Kastner admitted to starting the fire and gave Sager some matches. Sager then said, "I think you are making up a story," and asked Kastner what she had stolen. In response, Kastner pulled a pair of scissors and a screwdriver out of her coat pocket. Kastner said she had taken them from off the desk in the janitor's room. According to Sager, Kastner became excited, nervous, and upset at this time. Sager then asked Kastner if she wanted to go to jail, to which Kastner responded, "these would make good weapons to stick a cop with." With this, Kastner pointed the scissors and screwdriver directly at Sager. Sager took two steps toward Kastner and asked her to put the items down. Kastner moved her right foot back and said, "Don't try me. I have stuck a lot of cops before. I've taken a lot of cops out." Kastner and Sager were no further than ten feet apart during their confrontation, which ended when Kastner backed out a door. Kastner was subsequently arrested and taken into custody.

## ISSUE

Was the evidence presented at trial sufficient to support defendant's conviction for second degree assault?

## ANALYSIS

This court's duty in reviewing the sufficiency of evidence supporting a conviction is to undertake a "painstaking review of the evidence to determine if the evidence was sufficient to permit the jury to reach the conclusion it did." *State v. Daniels*, 361 N.W.2d 819, 826 (Minn.1985). This court must examine the evidence in the light most favorable to the state and must assume that the jury believed the state's witnesses and disbelieved any contrary evidence. *State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981). The jury's verdict will not be disturbed on review if the jury, after acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that the defendant was proven guilty of the offense charged. *State v. Parker*, 353 N.W.2d 122, 127 (Minn.1984).

One is guilty of second degree assault when that person assaults another with a dangerous weapon. Minn.Stat. § 609.222 (1986). The definition of assault includes "an act done with intent to cause fear in another of immediate bodily harm or death." Minn.Stat. § 609.02, subd. 10(1) (1986).

■ Defendant Kastner's intent may be determined by her words and actions in view of the surrounding circumstances. *State v. Thomas*, 352 N.W.2d 526, 528 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 11, 1984). Whether Kastner had the requisite intent to be guilty of second degree assault is a question for the jury, and the jury may rely on circumstantial evidence to make this determination. *State v. Lee*, 391 N.W.2d 46, 48–49 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Sept. 22, 1986).

■ Kastner's intent to put Officer Sager in fear of immediate bodily harm was evident from both her words and actions. Upon drawing the scissors and screwdriver out of her pockets, Kastner pointed them at Sager and assumed a position which Sager considered was offensive. Kastner's threatening statements also demonstrated her intent to put Sager in fear of immediate bodily harm. The fact that Kastner did not hold the objects in a throwing position is of no consequence. As the Wisconsin Supreme Court has stated, "[t]o be imminently dangerous, there need be no slashing or other movement with the knife. The threat to use such an instrumentality and the ability to use it immediately constitutes imminency." *State v. Dolan*, 44 Wis.2d 68, 72–73, 170 N.W.2d 822, 825 (1969).

Kastner argues that she was too far away from Sager to put him in fear of immediate harm. She cites *State v. Soine*, 348 N.W.2d 824 (Minn.Ct.App.1984), in which this court stated that Soine could be found guilty of second degree assault since he brandished a knife "within striking distance" of his victim. *Id.* at 827. In this

case, however, the jury was provided with direct physical evidence concerning the immediacy of possible harm when the prosecutor and Officer Sager recreated the positions of Sager and Kastner at the time of the assault. Sager showed the jury how far apart he and Kastner were when she first pulled out the scissors and screwdriver. Sager then demonstrated how the distance became smaller when he stepped towards Kastner. From this courtroom demonstration, the jury was allowed to perceive exactly where and how the parties were situated during the assault. The jury also heard Sager testify that he refrained from going for his gun for fear that Kastner "might have quick stuck" him before he had a chance to get his gun out. Sager also testified that Kastner could have taken a poke at him at "any second" with either the scissors, the screwdriver, or both. While the effect of Kastner's actions on Sager are not determinative in proving Kastner's intent, *id.* at 826, such comments by Sager do reflect to some degree the immediacy with which Kastner might have been able to carry out her verbal threats.

From this evidence, it was reasonable for the jury to infer, using their discretion, that Kastner's intent was to cause Sager fear of immediate bodily harm.

## DECISION

The evidence was sufficient to sustain the jury's verdict finding Kastner guilty of second degree assault.

AFFIRMED.