**STATE of Minnesota, Respondent,**

v.

**Alfredo ROSILLO, Appellant.**

**No. 47906.**

Supreme Court of Minnesota.

July 27, 1979.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen. Thomas L. Fabel, Deputy Atty. Gen., Richard D. Hodsdon, Special Asst. Atty. Gen., St. Paul, Arvid Wendland, County Atty., Blue Earth, for respondent.

ROGOSHESKE, Justice.

Petitioner was found guilty by a district court jury of third-degree criminal sexual conduct in violation of Minn.St. 609.344(c). The trial court stayed imposition of sentence and placed petitioner on deferred probation, the terms of probation to run concurrently with petitioner's anticipated parole from his prison term for another offense. Petitioner's appeal from the order of the district court denying his petition for postconviction relief raises two issues: (a) whether the evidence of his guilt was legally insufficient, and (b) whether his trial counsel refused to allow him to testify in his own behalf and, if so, whether a new trial is required. We affirm the order of the postconviction court denying relief.

■ We need not discuss in detail the sufficiency of the evidence. Suffice it to say, an examination of the record persuades us, as it did the postconviction court, that there was sufficient evidence to permit a finding of guilty.

■ The other issue, however, requires greater discussion. Although the United States Constitution does not specifically guarantee a criminal defendant the right to testify in his own defense, it is clear that the right, also guaranteed by Minn.St. 611.-11, is constitutional in dimension. The United States Supreme Court has referred to it in due process terms in a number of cases. For example, in *Faretta v. California,* 422 U.S. 806, 819, n. 15, 95 S.Ct. 2525, 2533, n. 15, 45 L.Ed.2d 562, 572, n. 15 (1975), a waiver-of-counsel case, the court stated:

"This Court has often recognized the constitutional stature· of rights that, though not literally expressed in the document, are essential to due process of law in a fair adversary process. It is now accepted, for example, that an accused has a right * * * to testify on his own behalf * * *."

Although the United States Supreme Court has never specifically so stated, we believe that the right to testify in one's own defense is a personal right which counsel does not have the ultimate authority to waive. Chief Justice Burger, concurring in *Wainwright v. Sykes,* 433 U.S. 72, 93, n. 1, 97 S.Ct. 2497, 2510, n. 1, 53 L.Ed.2d 594, 612, n. 1 (1977), stated in dictum that while he believed that once counsel was appointed the conduct of the defense generally rested with him, certain "basic decisions as whether to plead guilty, waive a jury, or testify in

one's own behalf are ultimately for the accused to make." Chief Justice Burger cited the A. B. A. Standards for Criminal Justice, The Defense Function (Approved Draft 1971) § 5.2, which provide in part as follows:

"(a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; (iii) whether to testify in his own behalf.

"(b) The decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client."

■ Recognition of the right, however, does not end our discussion, since the applicability of the harmless-error rule to situations in which defense counsel improperly prevents a defendant from exercising his right to testify is unclear. Judges have disagreed on this issue. See, e.g., *Wright v. Estelle*, 572 F.2d 1071 (5 Cir.), certiorari denied, 439 U.S. 1004, 99 S.Ct. 617, 58 L.Ed.2d 680 (1978). Our opinion is that the right to testify is such a basic and personal right that its infraction should not be treated as harmless error.[1] In *Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 710 (1967), the court stated that "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error." Examples there cited include right to counsel and right to an impartial judge. We believe that the defendant's right to testify is another such right.

■ Petitioner does not claim that the facts were such that advising him not to testify was a mistake; rather he contends that defense counsel did more than merely give advice—he in fact refused to permit him to testify. If it were true that defense counsel refused to permit petitioner to testify, we would grant petitioner a new trial, even though we do not believe his alibi testimony would have helped him. The trial record suggests, however, that petitioner's counsel, who was privately retained and had represented petitioner in previous cases, was aware that the decision whether or not to testify was a personal decision for petitioner to make. Specifically, he explained to the court that it was his opinion that the alibi defense would not be a good defense, that petitioner should not. testify, and that it would be better to simply argue to the jury that the state had failed to prove its case; but he added that petitioner had expressed a desire to not only use the alibi defense but also to testify in his own behalf and that if he did testify, it would be because he insisted on testifying. The statement is entirely consistent with defense counsel's testimony at the postconviction hearing, that he had not barred petitioner from testifying but had simply advised him against testifying and that, petitioner had agreed that he would not. We hold that the district court did not err in denying postconviction relief.

Affirmed.

---

1. This view is also adopted in Dawson, *Due Process v. Defense Counsel's Unilateral Waiver of the Defendant's Right to Testify,* 3 Hastings Const.L.Q. 517.