STATE of Minnesota, Respondent,

v.

Joe Lee SMITH, Appellant.

No. 50990.

Supreme Court of Minnesota.

Nov. 28, 1980.

C. Paul Jones, Public Defender and Susan A. Gray, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty. and Gail S. Baez, Asst. County Atty., Minneapolis, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a district court jury of two different counts of criminal sexual conduct in the first degree, one under subsection (d) and one under subsection (e) of Minn.Stat. § 609.342 (1978), for the same act. The trial court sentenced defendant to a maximum prison term of 1 year and 1 day to 20 years for the offense under subsection (d). Issues raised by defendant on his appeal from judgment of conviction are: (1) whether the evidence on the issue of identification was legally insufficient, (2) whether the trial court erred in failing to question defendant on the record to determine whether his waiver of his right to testify was voluntary and intelligent, (3) whether the trial court erred in its instruction on the evidence of flight, and (4) whether Minn.Stat. § 609.04 (1978) requires vacating one of defendant's two convictions. We affirm defendant's conviction

and sentence under section 609.342(d) but vacate defendant's conviction under subsection (e) of the same section.

■ 1. Defendant's first contention is that the evidence on the issue of identification was legally insufficient. We hold that the evidence of defendant's guilt, consisting of positive eyewitness identification testimony by a victim and corroborating evidence, was sufficient to sustain the verdict.

2. Defendant's second contention is that the record fails to establish that he voluntarily and intelligently waived his right to testify.

■ As we held in *State v. Rosillo*, 281 N.W.2d 877 (Minn.1979), the right of a criminal defendant to testify is a personal right and the decision whether to testify is ultimately for the defendant, not counsel. We there stated that if a petitioner at a post-conviction hearing can prove that his counsel refused to let him testify, then the petitioner is automatically entitled to a new trial because the denial of the right to testify can never be harmless error. However, petitioner in *Rosillo* did not meet this burden, and we affirmed the denial of post-conviction relief.

More recently, in *Hauwiller v. State*, 295 N.W.2d 641 (1980) the petitioner did not attempt to prove a denial of the right to testify, but rather–proved a failure of trial counsel to adequately inform him of facts relevant to his decision whether or not to testify. Applying the constitutional harmless error test in that situation, we reversed on that ground and another ground and granted petitioner a new trial.

■ The instant appeal, from a judgment of conviction rather than from a denial of relief following a post–conviction hearing, is easily distinguishable. Here the record below does not establish either a denial of right to testify or inadequate advice. Rather, the record simply reveals that a criminal defendant, represented by counsel, did not

testify. Without anything in the record suggesting otherwise, we must presume that the decision not to testify was made by defendant voluntarily and intelligently.

■ (3) Defendant's next contention is that the trial court's instruction on the evidence of flight was inappropriate and inadequate. The issue of instructing the jury on evidence of flight–as well as the related issue of the admissibility of this type of evidence ·is an issue which is the subject of some disagreement among courts and commentators. *See, e. g.* Note, *Rule 403 and the Admissibility of Evidence of Flight in Criminal Trials*, 65 Va.L.Rev. 597 (1979). We do not address the issue of the propriety or adequacy of the instruction in this case because defendant, by failing to object, is deemed to have forfeited his right to have the issue considered on appeal.

■■ (4) Defendant's final contention is that one of his two convictions must be vacated because both convictions were for the same offense, criminal sexual conduct in the first degree, on the basis of the same act. As we held in *State v. Discher*, 295 N.W.2d 99, 100 (Minn.1980), Minn.Stat. § 609.04 (1978) "bars convicting a defendant twice for the same offense (or of one offense and a necessarily included offense) on the basis of the same act." There we vacated one of two convictions of criminal sexual conduct in the first degree which were based on the same act. The same result is mandated in this case, and we therefore vacate the conviction under Minn.Stat. § 609.342(e) (1978) for which defendant was not sentenced.

One conviction affirmed; one vacated.