Ray CROUSE, Appellant,

v.

STATE of Minnesota, Respondent.

No. C3-81-486.

Supreme Court of Minnesota.

June 24, 1983.

William P. Scott, Pipestone, for appellant.

Hubert H. Humphrey III, Atty. Gen., Richard D. Hodsdon and Jerry S. Anderson, Sp. Asst., St. Paul, Pete Kasal, County Atty., Glencoe, for respondent.

AMDAHL, Chief Justice.

This is an appeal from an order of the district court denying a petition for post-conviction relief in the form of a new trial. The petition alleged that petitioner's trial

attorney had a conflict of interest with petitioner and that that conflict led him to refuse to let petitioner testify in his own behalf. The issue in this appeal is not whether there are grounds to discipline petitioner's trial attorney, that being a matter which can be decided in a separate disciplinary proceeding. Rather, the issue is whether the record compels the conclusion that there was a conflict of interest that actually affected the adequacy of the attorney's representation of petitioner. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The record on appeal fails to compel that conclusion. Petitioner's related contention is that his trial counsel refused to let him testify and that he is therefore automatically entitled to a new trial. *State v. Rosillo,* 281 N.W.2d 877 (Minn.1979). The evidence was conflicting on this and the postconviction court believed the testimony of petitioner's trial counsel, not petitioner's testimony. Thus, the record also fails to establish that petitioner is entitled to relief based on the latter contention.

Affirmed.