STATE of Minnesota, Respondent,

v.

**Duke Weldon WARD, Appellant.**

**No. C1–84–789.**

Court of Appeals of Minnesota.

Jan. 29, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka Co. Atty., M. Katherine Doty, Asst. Co. Atty., Anoka, for respondent.

C. Paul Jones, State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Duke Weldon Ward appeals his conviction for assault in the second degree (assaulting another with a dangerous weapon but without inflicting great bodily harm), Minn.Stat. §§ 609.222, 609.11, subds. 1, 5, 9 (1982), and possession of a pistol by a convicted felon, Minn.Stat. § 624.713, subds. 1(b), 2, § 624.712, subd. 5 (1982). On appeal he claims he was denied a fair trial because of several evidentiary rulings by the trial court, and he also claims the evidence was insufficient to sustain his conviction. We affirm.

## FACTS

On July 27, 1983, Duke Ward was driving with David Berkman on Highway 47 near Anoka, Minnesota. At the same time LuAnn and James Krekelberg and their

two children were driving home. The Krekelbergs' car was right behind Ward's car. Ward allowed their car to pass, although he was upset over their tailgating and honking. Ward claimed James Krekelberg made an obscene gesture, although the reverse was claimed by Krekelberg. In any event, Ward followed the Krekelbergs for about four miles.

As LuAnn parked the car in their driveway, Ward parked his vehicle on the street in front of their house. James Krekelberg then got out of the car and walked toward Ward's car. Ward asked Krekelberg if he had a "f***ing" problem, and Krekelberg responded that he didn't have a problem but "I think you do."

According to Krekelberg, Ward then aimed a pistol at Krekelberg's head from approximately 30 feet away and asked Krekelberg what he wanted to do about it. Krekelberg paused and then turned and walked quickly back to his car. Shaken, he told his wife that Ward had pulled a gun on him. Ward left shortly after.

At trial James Krekelberg described the gun in detail. He indicated exactly how Ward handled it through the use of a .32 Savage semi-automatic pistol admitted for illustrative purposes. David Berkman, who had been sitting in the front seat next to Ward, also testified that Ward had pointed a gun at Krekelberg.

The gun which the State argued Ward pointed at Krekelberg was never recovered. Ward claimed he pointed a fishwacker,[1] not a gun. The jury returned verdicts of guilty on charges of second-degree assault and felon in possession of a pistol, and Ward was sentenced to an executed term of 60 months for the assault conviction. No sentence was imposed for the pistol possession conviction.

## ISSUES

1. Did the trial court abuse its discretion in admitting certain other crime evidence?

2. Did the trial court abuse its discretion in allowing the State to impeach appellant with prior felony convictions?

3. Did the trial court abuse its discretion in admitting a pistol as demonstrative evidence?

4. Was the evidence sufficient to convict appellant?

## ANALYSIS

### I

As *Spreigl* evidence, the State produced evidence that on February 17, 1983, Ward and his girlfriend drove to the Hennepin County Government Center, where a sought-after .22 caliber Smith and Wesson pistol was delivered to Hennepin County Deputy Sheriff Allen Anderson. On March 17, 1983, Ward gave Deputy Anderson a voluntary written statement corroborating this earlier incident. Ward was never charged with any crime arising out of the incident.

The trial court admitted this evidence under Minn.R.Evid. 404(b) as evidence which was admissible as proof of opportunity and knowledge. The trial court determined that the February 1983 incident was relevant and material to the State's case on the possession charge, that the evidence of Ward's participation in the offense was clear and convincing, and that the probative character of the evidence outweighed its potential for unfair evidence. *See State v. Filippi*, 335 N.W.2d 739, 743 (Minn.1983). We cannot say that the trial court abused its discretion in determining that the February 1983 incident was relevant. A defendant need not be charged with the unrelated other crime before evidence of his participation in that offense may be shown. *State v. Walker*, 310 N.W.2d 89, 91 (Minn.1981). The trial court gave a cautionary instruction at the time the evidence was admitted and as part of final instructions. We cannot say that the

---

1. Fishwackers are usually made of wood, are about one foot long, and resemble a billyclub or a small baseball bat. They are used to hit recently landed fish to avoid being hooked or cut by the fish.

trial court abused its discretion in admitting the evidence. *State v. Johnson*, 256 N.W.2d 280, 286 (Minn.1977).

## II

 During pretrial proceedings the trial court ruled that Ward could be impeached with four prior convictions: 1969 burglary, 1972 escape, 1980 burglary, and 1983 felony theft. The court ruled that a 1967 sex-offense conviction was not admissible. Our examination of the record shows that the trial court's ruling was well within its discretion under Minn.R.Evid. 609(b) and *State v. Jones*, 271 N.W.2d 534 (Minn. 1978).

## III

As part of its investigation, an Anoka County sheriff assembled a collection of four weapons fitting the gun's description given by James Krekelberg. Krekelberg then examined the display and selected a .32 caliber Savage semi-automatic pistol as fitting the appearance of the gun he had seen in Ward's hand. The trial court admitted this gun into evidence for illustrative purposes, and it was used by an Anoka County sheriff to explain to the jury how the gun worked and was also used by James Krekelberg in explaining what he saw. It was clear that the gun was not claimed to be the actual weapon used in the incident but was used only for demonstrative purposes. Ward argues that the gun was not relevant or that its probative value was substantially outweighed by the danger of unfair prejudice. Minn.R.Evid. 403.

 The admissibility of demonstrative evidence is within the sound discretion of the trial court. *State v. Bott*, 310 Minn. 331, 338, 246 N.W.2d 48, 53 (1976); McCormick, *Law of Evidence*, § 212 (2d Ed.1972). *See State v. Swain*, 269 N.W.2d 707, 714 (Minn.1978). The jurors were adequately instructed on the limited purpose for which the gun was admitted, and defense counsel thoroughly cross-examined the witnesses about the gun. Further, the sheriff was properly allowed to demonstrate the manner in which a bullet is loaded and chambered in such a pistol because it assisted the jury in understanding the testimony of James Krekelberg, who specifically testified that the pistol aimed at him was an automatic, not a revolver.

## IV

 Ward argues that the evidence was insufficient to conclude that he attacked Krekelberg with a pistol rather than a fishwacker. The jury could reasonably have concluded that, based on the testimony of James Krekelberg and David Berkman, Ward assaulted Krekelberg with a pistol, not a fishwacker. Krekelberg was experienced with pistols, having worked as a small-arms repairman in the Marine Corp. The jury could reasonably conclude that he knew the difference between an automatic pistol and a fishwacker and thus believed that Ward pointed a pistol at him. Ward's argument that James Krekelberg and David Berkman were unreliable witnesses is unavailing because credibility is for the jury to consider.

## DECISION

Appellant was not denied a fair trial, and the evidence was sufficient to convict him of assault in the second degree and felon in possession of a pistol.

Affirmed.