**Robert Earl SCOTT, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C6–86–274.

Court of Appeals of Minnesota.

July 29, 1986.

---

Barry v. Voss, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Robert W. Kelly, Washington Co. Atty., Stillwater, for respondent.

Considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

A jury found appellant Robert Scott guilty of second degree assault in violation of Minn.Stat. § 609.222 (1984) and fifth degree assault in violation of Minn.Stat. § 609.22 (1984). He was sentenced to twenty-one months to be served consecutively to the sentence he was already serving. Scott's petition for post-conviction relief was denied and he appeals from that order. On appeal Scott argues that (1) the evidence is not sufficient to support the jury's verdict, (2) the prosecutor's statements during closing argument constituted reversible error, (3) the trial court abused its discretion when it admitted videotapes without proper foundation, and (4) he did not validly waive his right to testify at trial. We affirm.

## FACTS

The assault charges in this case stem from a football game between inmates at the Oak Park Heights Correctional Facility. During the game Scott and another inmate, Joseph Givens, began to argue. In the course of the confrontation Scott hit Givens. Givens then ran off the playing field and sought safety behind five officers from the Oak Park Heights Security Squad who were supervising the game. Scott chased Givens and tried to reach him but was stopped by the security officers.

After the situation calmed down, Givens noticed blood on the front of his shirt. Upon examination, medical personnel determined Givens had a puncture wound approximately one inch deep in his chest.

At trial all five security officers testified that they saw Scott with a "shank" or homemade knife in his hand when he was chasing Givens. Some of the officers said that Scott threatened Givens and the security officers when they prevented him from reaching Givens. Upon a search no weapon was found on Scott. The officers testified that based on their observations of Scott they believed he had passed the knife off to another prisoner. However, no knife was found on the suspected recipient. A sheath commonly used to carry such knives was found on the playing field. The medical personnel who treated Givens said the wound was caused by a knife or a similar sharp object.

Givens testified that he did not know how he was injured. He stated that he did not see anything in Scott's hands. Another teammate testified that he was playing near Scott and carefully watching his hands but did not see anything in Scott's hands. Two other inmates watching on the sidelines also testified that they did not see a knife in Scott's hands.

The jury was shown a videotape of the football game that was made for the facility's television station.

## ISSUES

1. Is the evidence sufficient to support Scott's convictions for second and fifth degree assault?

2. Did the post-conviction court err in determining that the prosecutor's comments during closing argument did not require a new trial?

3. Did the post-conviction court err in determining there was proper foundation for admission of the videotapes?

4. Did the post-conviction court err in determining that Scott made a valid waiver of his right to testify?

## ANALYSIS

■ On appeal from a denial of post-conviction relief this court determines whether there is sufficient evidence to support the trial court's post-conviction findings. *Herme v. State,* 384 N.W.2d 205, 207 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. May 22, 1986). In making such a determination, the evidence is viewed in the light most favorable to the State with the assumption that the jury believed the evidence supporting the convictions and disbelieved any contrary evidence. *Id.*

## I.

■ The trial court found that "there was sufficient evidence to establish the elements of the crimes for which * * * Scott was convicted." Scott argues this finding was in error because there was no weapon found, and the alleged victim testified he did not see a weapon.

The facts that the weapon was not recovered and the victim did not see a weapon are not conclusive. Based on the evidence presented, the jury could have reasonably concluded that Scott used a knife. *See Washington v. State*, 340 N.W.2d 863, 863 (Minn.1983); *State v. Ward*, 361 N.W.2d 418, 421 (Minn.Ct.App.1985). Evidence that the jury could have justifiably relied on to infer that a dangerous weapon had been used included the nature of the wound, the fact that Givens discovered he was bleeding shortly after Scott hit him, the fact that Scott chased and threatened Givens, and the testimony of the five security officers that they saw a knife. Under these facts the trial court's finding that there is sufficient evidence to support the jury's verdict was not erroneous.

## II.

■ Scott argues that the prosecutor's closing argument constituted reversible error because the prosecutor referred to issues broader than the case by asking the jury to end the "reign of terror" in prisons and gave a confusing statement on the presumption of innocence and burden of proof.

The prosecutor argued:

Now I asked you, some of you, when you were picked as jurors, whether or not you would be able or willing to protect the rights of Mr. Givens if you were chosen and you said you would. Well, I ask you to do that in spite of the fact that Mr. Givens is unwilling or unable to protect those rights himself. * * * I ask you to prevent a reign of terror in our prisons like they have in some other states.

Such a comment on the community's interest in crime in prisons was clearly improper. We have noted many times that invit-

ing the jury to consider issues beyond those presented by the case is improper and we strongly disapprove of such prosecutorial tactics. *See State v. Brown*, 348 N.W.2d 743, 747 (Minn.1984); *State v. Mildenstein*, 358 N.W.2d 115, 116 (Minn.Ct. App.1984).

Also the prosecutor argued that:

[the] presumption of innocence is not any evidence that he is innocent of this crime and that presumption only remains with the defendant until that point in the trial in which the State has proven him guilty beyond a reasonable doubt. I suggest to you that at this point in this trial the State has met that burden and you need no longer presume him innocent.

Arguments such as this one that state the presumption of innocence is not evidence in favor of the accused are considered misleading and improper argument. *State v. DeVere*, 261 N.W.2d 604, 606 (Minn.1977).

■ Ordinarily, claims of prosecutorial misconduct must be preserved for appeal by making the proper objection and request for curative instructions. *Brown*, 348 N.W.2d at 747. Even where such an issue is not properly preserved for appeal, a reversal may be granted if the prosecutor's remarks are unduly prejudicial. *State v. Parker*, 353 N.W.2d 122, 128 (Minn.1984). However, defense counsel's failure to object implies that the comments were not prejudicial. *Id.*

In the present case defense counsel not only did not object to these claimed erroneous statements but went on to counter the statements in his own closing argument. Given these facts we cannot say the trial court erred in finding that the prosecutor's statements did not constitute serious misconduct and did not likely play a substantial part in influencing the jury to convict.

## III.

■ At trial the court admitted two videotapes, the actual tape of the football game and a copy of that tape played in slow motion and in reverse. Scott argues that the trial court erred by admitting these tapes into evidence.

The trial court has considerable discretion in deciding whether a proper foundation has been laid for the admission of evidence. *State v. Dulak*, 348 N.W.2d 342, 344 (Minn.1984). Under Minn.R.Evid. 901(a):

> The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

The State claimed that the videotapes showed the inmates' football game on September 16, 1984, the date of the alleged offense. To support this claim the State presented the testimony of a security guard who watched the entire game from a rooftop and said the videotape accurately reflected what he observed. Also the technician who produced the slow motion and reverse version of the videotape testified that nothing he did altered in any way what was visible on the original tape.

While defense counsel made a general foundation objection he conducted no voir dire of the witnesses on the foundation offered nor was there any contradictory evidence submitted. *See State v. Hager*, 325 N.W.2d 43, 44–45 (Minn.1982). In light of the evidence introduced regarding authentication, the trial court did not abuse its discretion by admitting the videotapes.

### IV.

The decision whether to testify is ultimately for the defendant, not defense counsel, to make. *State v. Rosillo*, 281 N.W.2d 877, 878 (Minn.1979). If a petitioner can prove at a post-conviction hearing that his counsel refused to let him testify, then the petitioner is entitled to a new trial. *State v. Smith*, 299 N.W.2d 504, 506 (Minn. 1980).

Scott argues that his defense counsel at trial[1] in effect waived Scott's right to testify when he told Scott he did not think Scott should testify. Advising a client not to testify is not a waiver of the client's right to testify. *Rosillo*, 281 N.W.2d at 879. There is no evidence on the

record before us to show that Scott's defense counsel did anything other than advise him not to testify. We find no error in the trial court's determination that Scott "made the decision, with advice of counsel, to remain silent at trial. Counsel facilitated rather than inhibited [Scott's] decision-making process."

### DECISION

There is sufficient evidence to sustain the jury's verdict. Statements by the prosecutor in her closing argument did not warrant a new trial. The trial court did not abuse its discretion by admitting videotapes of the incident. Appellant made a valid waiver of his right to testify.

Affirmed.

---

1. We note that Scott has retained other counsel for this appeal.