Raymond David IRWIN,
Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C0–86–1551.

Court of Appeals of Minnesota.

Feb. 17, 1987.

Review Denied March 25, 1987.

C. Paul Jones, State Public Defender, Susan J. Andrews, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert M.A. Johnson, Anoka Co. Atty., Anoka, for respondent.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Raymond Irwin petitioned for post-conviction relief after he was convicted of fourth-degree criminal sexual conduct. The court found Irwin was not improperly denied his right to testify, the *Spreigl* evidence was properly admitted, the evidence was sufficient to support the conviction, and he was not denied effective assistance of trial counsel. Irwin appeals and we affirm.

## FACTS

Raymond Irwin was convicted of fourth-degree criminal sexual conduct[1] for fondling the breasts of a sleeping 15–year-old girl on July 23, 1984. After the incident occurred, but before Irwin was tried, he was charged and convicted of two counts

---

1. Irwin's conviction was for violation of Minn. Stat. § 609.345, subd. 1(d) (1983), sexual contact with a victim who was physically helpless because she was asleep. He was also charged with, but found not guilty of, criminal sexual conduct accomplished by force or coercion, Minn.Stat. § 609.345, subd. 1(c) (1983). The complaint stated that Irwin was subject to a mandatory minimum sentence of three years under Minn.Stat. § 609.346, subd. 2 (1982), because this incident was subsequent to his conviction for criminal sexual contact with his stepdaughter on November 16, 1981.

of first-degree criminal sexual conduct, second-degree assault, and first-degree burglary arising out of an incident on September 24, 1984, which also involved a female juvenile victim. *State v. Irwin,* 379 N.W.2d 110 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Jan. 23, 1986).

The present offense was tried on June 17, 1985. Irwin retained a private attorney to represent him. After six and one-half hours of discussion among Irwin, his attorney and the prosecutor, it was agreed that the case would be tried to the court on stipulated evidence. This evidence included Irwin's transcribed statement to police, the juvenile's *Spreigl* testimony from Irwin's prior trial, oral testimony of Irwin's sons who were in the apartment when the incident occurred, and other stipulated exhibits and statements.

In consideration of Irwin's waiver of a jury trial and consenting to proceed on stipulated testimony, the State agreed to ask the court to sentence without regard to the mandatory three-year minimum term required by Minn.Stat. § 609.346. The State also agreed that if Irwin were convicted, the prosecutor would ask the court to impose a presumptive guidelines sentence of 34 months, concurrent, or 21 months, consecutive, to any sentence previously imposed. The trial court went through the agreement with Irwin and asked Irwin if he wished to waive his right to a jury trial and to stipulate to the prior testimony of the witnesses. Irwin replied that he did.

The trial court conditionally accepted the State's offer of proof on the September 24 incident as *Spreigl* evidence. The offer included a transcript of an interview with the juvenile victim, evidence and exhibits admitted at trial, including fingerprints and the results of a sexual assault examination. Irwin's attorney offered transcript testimony of other witnesses. The trial court found that Irwin's participation in the *Spreigl* incident was proved by clear and convincing evidence and that it showed a common scheme or plan. The court found Irwin guilty of the current offense and sentenced him to 21 months to be served consecutively to all previously imposed sentences. Irwin petitioned for post-conviction relief, which the post-conviction court denied.

## ISSUES

1. Was appellant denied his right to testify at trial?

2. Was appellant denied a fair trial by admission of *Spreigl* evidence?

3. Does the evidence sustain the conviction?

4. Was appellant denied effective assistance of counsel?

## ANALYSIS

### I

The Minnesota Supreme Court has held that although the United States Constitution does not specifically guarantee a criminal defendant the right to testify in his own defense, the right, which is also guaranteed by Minn.Stat. § 611.11 (1982), is constitutional in dimension. *State v. Rosillo,* 281 N.W.2d 877, 878 (Minn.1979). Because it is a basic right, fundamental to a fair trial, prejudice need not result in order to require a new trial. The denial itself is sufficient. *Id.* However, the *Rosillo* court did not remand for a new trial because it found that defendant's attorney had not barred him from testifying, but had simply advised him against it and defendant had agreed that he would not.

The *Rosillo* result applies even more forcefully to Irwin's claim that he was denied his right to testify. Irwin received a substantial negotiated advantage by foregoing the right that he now wishes to restore. The trial judge inquired into the agreement on the record, and Irwin signed a written waiver of a jury trial and stated that he wanted to proceed with a stipulated court trial. At the post-conviction hearing, Irwin's attorney acknowledged that Irwin asked to take the stand but appeared satisfied when the attorney reminded him that he had previously stipu-

lated that his testimony would be admitted through his written statement to the police. The record supports the post-conviction court's finding that Irwin was advised of his right to testify and agreed to proceed with a stipulated court trial. Irwin's right to testify was not impermissibly overridden by his attorney or denied by the court. *State v. Jensen,* 322 N.W.2d 608, 610 (Minn.1982).

## II

■ The trial court permitted *Spreigl* evidence of the September 24 incident which resulted in Irwin's conviction for first-degree criminal sexual conduct. The court found that the evidence showed a common scheme or plan. The two incidents were separated by only three months, both occurred in Columbia Heights apartment buildings, both involved young females who were asleep, and both included breast fondling. The court concluded that Irwin's participation in the *Spreigl* incident was shown by clear and convincing evidence because Irwin was found guilty by a jury on evidence which included positive fingerprint identification.

The post-conviction court, in a thorough memorandum and order, also evaluated the admissibility of the *Spreigl* evidence and concluded that Irwin's participation was clearly and convincingly shown, the evidence was material in demonstrating a common scheme or plan, and the probative value outweighed its prejudicial effect, particularly where the trial was to the court rather than a jury. We agree that the State met the burden necessary to allow the admission of the *Spreigl* evidence. *See State v. Filippi,* 335 N.W.2d 739, 743–44 (Minn.1983); Minn.R.Evid. 404(b).

## III

Irwin's challenge to the sufficiency of the evidence focuses on perceived inconsistencies in the victim's statements. He does not deny being at the apartment, lying down next to the girl, or putting his arm around her. He denies that he intentionally touched her breasts. The trial court and the post-conviction court each made detailed findings on the events and testimony resulting in the conviction. Their findings and Irwin's conviction are supported by the record.

## IV

Irwin also maintains that he was denied effective assistance of counsel and lists seven separate deficiencies, which are further discussed in his pro se supplemental brief. Irwin claims his trial attorney failed to call witnesses, failed to impeach the State's witnesses, improperly postponed the trial, did not return his phone calls, and improperly pressured him to waive his right to a jury trial.

■ Effective assistance of counsel is representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *State v. Eling,* 355 N.W.2d 286, 293 (Minn.1984) (quoting *White v. State,* 309 Minn. 476, 481, 248 N.W.2d 281, 285 (1976)). It does not hinge on whether a favorable result was obtained. *State v. Race,* 383 N.W.2d 656, 664 (Minn.1986). Defendant must also show prejudice as a result of the errors. A conviction will not be overturned unless it can be shown that there was a reasonable probability that the result of the proceeding would have been different but for the attorney's errors. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Gates,* 398 N.W.2d 558 (Minn.1987).

■ The post-conviction court carefully analyzed Irwin's claims. The court found that Irwin's attorney did not attempt to contact other witnesses because Irwin led him to believe that further investigation would be fruitless. Additionally, Irwin did not meet his burden of showing prejudice from this decision. The court found that the attorney did not improperly postpone the omnibus hearing or the trial; the attorney was retained on October 20, 1984, and the omnibus hearing was held on November 1, 1984. The tactical decision to try the

more serious offense, first-degree criminal sexual conduct, prior to the present case fell within a range of sound trial tactics. Although Irwin attempted to contact his attorney more than 200 times between October 1984 and June 1985, the attorney had over 100 contacts with Irwin, either by phone or in person, during that time. Irwin signed a written waiver of his right to a jury trial and agreed to proceed on stipulated evidence. This decision was discussed at length between Irwin and his attorney and was supported by the attorney's concern about inconsistencies in Irwin's statements that could be brought out in testimony, Irwin's past criminal history, and Irwin's desire to explain a larger history of how the criminal justice system had treated him. The trial court inquired into the waiver, and the post-conviction court found that Irwin agreed to the stipulated court trial.

We are not persuaded that Irwin's attorney represented him incompetently nor that any of the actions alleged to be incompetent were prejudicial.

### DECISION

Affirmed.