**STATE of Minnesota, Respondent,**

v.

**Larry D. MILDENSTEIN, Appellant.**

**No. C1-84-694.**

Court of Appeals of Minnesota.

Nov. 20, 1984.

**116** 

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Rick Osborne, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant Larry Mildenstein was charged with aggravated robbery in violation of Minn.Stat. §§ 609.245 and 609.11 (1982), by a complaint alleging that Mildenstein and another person robbed Dom's Liquor Store in Minneapolis. Appellant was identified by the store owner and a customer as the gunman in the robbery. Following a jury trial, appellant was found guilty as charged and sentenced to 81 months in prison.

On appeal appellant contends (1) the evidence was insufficient to sustain his conviction and (2) the prosecutor committed misconduct during cross-examination of the defense witness and during closing argument.

### DECISION

 1. The claim of insufficiency of evidence is without merit. The identification testimony of the store owner and the customer was sufficient to sustain the conviction. Both of them identified appellant in a photo display as well as in person at trial. There is no claim that the photo display was improper. Instead, defense argues eyewitness identification reliability. Any fallibility is for the fact finder to evaluate. *See Caldwell v. State,* 347 N.W.2d 824, 828–29 (Minn.Ct.App.1984) (citing *State v. Burch,* 284 Minn. 300, 313, 170 N.W.2d 543, 552 (1969)), *pet. for rev. denied,* (Minn. Sept. 12, 1984).

 2. During cross-examination of appellant's alibi witness, the prosecutor asked her to tell the jury the last time she was drunk. Over an objection of relevance, the prosecutor replied "I'd be glad to state the relevance. I don't think [defense] counsel wants to hear." Following a discussion at the bench the prosecutor asked the same question and the witness answered the question. This remark by the prosecutor, although gratuitous, improper and rude, is so insignificant we cannot say appellant was denied a fair trial.

 3. We have reviewed the entire closing argument of the prosecutor. Any error in the closing argument, relating to the community's stake in the outcome of every case, was not objected to by defense counsel. *See State v. Brown,* 348 N.W.2d 743, 747 (Minn.1984). Under the standards set out in *State v. Caron,* 300 Minn. 123, 218 N.W.2d 197 (1974), we find no reversible error since the comment did not likely play a substantial part in influencing the jury.

4. Appellant's conviction for aggravated robbery is affirmed.

Affirmed.