STATE of Minnesota, Respondent,

v.

Michael Alan PETERSON, Appellant.

No. C1-94-2091.

Court of Appeals of Minnesota.

June 20, 1995.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Surell Brady, Minneapolis City Atty., Michael R. Moline, Asst. City Atty., Minneapolis, for respondent.

David L. Brehmer, Minneapolis, for appellant.

Considered and decided by DAVIES, P.J., and AMUNDSON and FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, Judge.*

Appellant was convicted of one count of damage to property in the third degree, a gross misdemeanor in violation of Minn.Stat. § 609.595, subd. 2(a) (1992), and of violation of a restraining order, a misdemeanor pursuant to Minn.Stat. § 518B.01, subd. 14(a) (Supp.1993). Appellant challenges several evidentiary rulings of the trial court relating to certain identification procedures, as well as the trial court's refusal to enforce an alleged plea agreement. We reverse and remand for a new trial.

## FACTS

Appellant Michael Alan Peterson and Wanda Peterson were married but separated at the time of the alleged offense. On July 3, 1994, two boys walking in the vicinity of Mrs. Peterson's residence observed three men proceeding toward Mrs. Peterson's home.

The boys then watched as one of the men threw a rock at Mrs. Peterson's car and broke a window. The three men then ran. Soon after, the three men returned and one of the men threw a rock at another of the car windows. When the window didn't break, the man picked up the rock and threw it again, this time breaking the window.

The boys subsequently told their story to Mrs. Peterson and to a Minneapolis Park Police agent. After the boys described the three men, Mrs. Peterson showed them some pictures and the boys identified the men as appellant and two of his sons.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

At trial, the two witnesses testified and again identified appellant as the perpetrator. Appellant called several alibi witnesses who testified that he was helping people move into his apartment the entire day of the incident.

Appellant made several motions during trial regarding an alleged plea agreement involving a pretrial identification procedure. The trial court denied the motions and refused to allow appellant to cross-examine the witnesses about the pretrial identification.

The jury found appellant guilty of damage to property in the third degree, and of violating a restraining order. This appeal followed.

## ISSUES

I. Did the trial court properly conclude that no enforceable plea agreement existed?

II. Should the trial court have allowed impeachment evidence regarding the pretrial identification procedure?

III. Did appellant waive his objection to the photo identification procedure?

IV. Should this court strike portions of appellant's brief from the record?

## ANALYSIS

### I.

■ Appellant challenges the trial court's refusal to enforce an alleged plea agreement between appellant and the prosecutor. Appellant alleges that the two sides agreed to conduct an identification procedure with the two juvenile witnesses. According to appellant, if the witnesses failed to identify appellant, the prosecutor would dismiss the charges. Subsequently, the two juvenile witnesses, accompanied by the prosecutor and appellant's counsel, walked through the law library in the Hennepin County Government Center, where the witnesses allegedly "identified a non-party * * * as the perpetrator of the offense."

Later, when the witnesses walked past appellant, they failed to identify him. According to appellant, the prosecutor then suggested making another trip past appellant and the witnesses again failed to identify appellant. Appellant then alleges that the prosecutor had the witnesses confront appellant directly twice more and even had appellant remove his glasses, but the witnesses failed to identify appellant as the perpetrator. Finally, appellant contends that he asked the prosecutor to drop the charges as agreed, but the prosecutor refused. Appellant claims there was an enforceable plea agreement, the prosecutor violated this agreement by refusing to dismiss the charges, and the trial court erred in refusing to enforce this alleged agreement. We disagree.

Plea agreements are specifically allowed in criminal cases. *See* Minn.R.Crim.P. 15.04, subd. 1 ("[T]he prosecuting attorney may engage in plea discussions for the purpose of reaching a plea agreement."). But a plea agreement will not automatically be accepted by the trial court. *See* Minn.R.Crim.P. 15.04, subd. 3(2) ("The court *may* accept a plea agreement of the parties when the interest of the public in the effective administration of justice would thereby be served.") (emphasis added). Thus, before a plea agreement becomes final, it must be accepted by the court. Here, the trial court affirmatively states that it had no knowledge of the negotiations between appellant and the prosecution. Moreover, the record reveals that the trial court would not have accepted the alleged plea agreement:

> I would just state that if you had come to me and asked me to—about whether or not you should have done this, and you should have asked first, before you did this, I would have instructed you not to do it. This is not a customary thing, and I do not think that we ought to have this happen in the way that you did it.

In other words, even if it is assumed that a plea agreement had been reached, the trial court indicated its willingness to reject it. Thus, we find no error in the trial court's refusal to enforce the alleged plea agreement.

### II.

■ Appellant next challenges the trial court's refusal to allow evidence of the pretrial identification procedure in the library.

A reviewing court must "determine whether the identification procedures used were so impermissibly suggestive as to create a 'very substantial likelihood of irreparable misidentification.'" *State v. Spann,* 287 N.W.2d 406, 407 (Minn.1979). "Rulings on evidentiary matters rest within the sound discretion of the trial court." *Caldwell v. State,* 347 N.W.2d 824, 826 (Minn.App.1984).

According to Minn.R.Crim.P. 15.06,

[i]f the defendant enters a plea of guilty which is not accepted or which is withdrawn, neither the plea discussions, nor the plea agreement, nor the plea shall be received in evidence against or in favor of the defendant in any criminal * * * proceeding.

This rule is also consistent with the Minnesota Rules of Evidence. *See* Minn.R.Evid. 410 (stating that offers to plead guilty are "not admissible in any * * * criminal * * * case * * * whether offered for or against the person who made the plea or offer"); Minn. R.Evid. 410 cmt. ("The rule of evidence makes it clearer [than Minn.R.Crim.P. 15.06] that not only the plea but also those statements that accompany the plea are inadmissible."). Because the pretrial identification was part of plea negotiations, use of the evidence for substantive purposes would have been improper.

■ Appellant's argument that the trial court should have admitted the evidence for impeachment purposes, however, appears to have merit. Pursuant to Minn.R.Evid. 403,

[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

We conclude that appellant should have been allowed to cross-examine the witnesses about the pretrial identification for impeachment purposes. In particular, we are unconvinced that the probative value of the testimony is "substantially outweighed" by the chance that the testimony would be confusing or misleading to the jury.

■ Because we determine that appellant should have been allowed to cross-examine the witnesses regarding the pretrial identification, a harmless error analysis is appropriate. This court should not order a new trial "[i]f there is no reasonable probability that the outcome of the trial would have been different had the evidence been disclosed." *State v. Clobes,* 422 N.W.2d 252, 255 (Minn. 1988). The Minnesota Supreme Court has determined that "[h]armless error impact analysis applies to the erroneous exclusion of defense evidence in violation of the defendant's right to present evidence." *State v. Post,* 512 N.W.2d 99, 102 (Minn.1994) (citing *Crane v. Kentucky,* 476 U.S. 683, 691, 106 S.Ct. 2142, 2147, 90 L.Ed.2d 636 (1986)). In *Post,* the Minnesota Supreme Court delineated the proper test reviewing courts should apply when determining whether an error is harmless. The court explained:

[T]he reviewing court must be satisfied beyond a reasonable doubt that if the evidence had been admitted and the damaging potential of the evidence fully realized, an average jury (*i.e.,* a reasonable jury) would have reached the same verdict.

*Id.* (footnote omitted); *but see Sullivan v. Louisiana,* — U.S. —, —, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993) ("[T]he reviewing court [must] consider [ ] not what effect the constitutional error might generally be expected to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand."). So long as

there is a reasonable possibility that the verdict might have been different if the evidence had been admitted, then the erroneous exclusion of the evidence is prejudicial.

*Post,* 512 N.W.2d at 102 (footnote omitted).

In particular, we note that the two juvenile witnesses' testimony was critical to defendant's conviction. Identity was the only issue at trial. According to appellant, the two witnesses failed to recognize appellant during the pretrial identification. While appellant's appearance had changed from the photos to the pretrial identification because he grew a beard, the effect of this change is for the jury to evaluate. In other words, appellant

should be allowed to cross-examine the witnesses concerning the pretrial identification to help the jury decide whether the witnesses did indeed accurately identify appellant. *See State v. Bishop,* 289 Minn. 188, 194, 183 N.W.2d 536, 540 (1971) (stating that credibility may be tested through cross-examination "which could effectively disclose defects or infirmities" in witness identification testimony); *State v. Mildenstein,* 358 N.W.2d 115, 116 (Minn.App.1984) (reliability of eyewitness identification is for the jury to evaluate); *see also State v. Burgess,* 290 Minn. 480, 481, 185 N.W.2d 537, 538–39 (1971) (finding no prejudice where defendant had opportunity to impeach eye witness concerning description of defendant). Therefore, a new trial is warranted and appellant may use the pretrial identification evidence for the limited purpose of impeaching the juvenile witnesses' identification testimony.

We caution, however, that our holding in no way authorizes either party to elicit testimony about the plea negotiations. Use of the pretrial identification evidence for impeachment does not include any reference to the plea negotiations.

### III.

■ Appellant finally objects to the photo identification opportunities afforded the witnesses, arguing that they impermissibly tainted the in-court identifications. Respondent argues that appellant waived any objection to the photo identifications. We agree.

Failure to object at trial will act as a bar to objecting on appeal. *See State v. Caron,* 300 Minn. 123, 127, 218 N.W.2d 197, 200 (1974) ("[D]efendant's failure to object or to request curative instructions weighs heavily in our decision."); *see also* Minn.R.Evid. 103(a)(1) ("Error may not be predicated upon a ruling which admits * * * evidence unless * * * a timely objection or motion to strike appears of record."). There is no indication in the transcript that appellant expressly objected to the use of the photos during the testimony of the juvenile witnesses. We conclude that this failure to timely object constitutes a waiver on appeal. Because we are remanding this case for a new trial, however, our finding of waiver does not preclude appellant

from objecting to these photos during a second trial.

### IV.

Respondent moves this court to strike portions of appellant's brief because they are not properly before this court. In particular, respondent contends that certain documents contained in appellant's appendix were not made a part of the record during the trial below. Appellant opposes this motion and requests attorney fees for costs incurred in responding to the motion.

■ Pursuant to Minn.R.Civ.App.P. 110.01, "[t]he papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases." The trial court file demonstrates that the documents in question were filed with the trial court. Therefore, these documents are properly before this court and respondent's motion to strike is denied.

Appellant has requested attorney fees for costs incurred in responding to the motion. Although respondent's motion lacks merit, there is no appearance of bad faith on respondent's part. Thus, we decline to award attorney fees.

### DECISION

Because identity was the critical issue in this case, appellant should have been allowed to cross-examine the two juvenile witnesses regarding the pretrial identification procedure to which appellant was subjected.

**Reversed and remanded.**